On August 19, 1997, Donald L. Mundy and Dona L. Mundy filed a lawsuit against Travelers Insurance Company. The Mundys sought declaratory judgment that they were entitled to insurance coverage under a policy that they had purchased for rental property they formerly owned and that they were entitled to the cost of defense for a lawsuit filed against them because of the ownership of that rental property. The Mundys accused Travelers Insurance Company of acting in bad faith in its dealings with them and claimed prejudgment interest on any sums to which they were entitled.
Travelers Insurance Company ("Travelers") filed an answer and counterclaim. Travelers also sought declaratory judgment as to its rights and responsibilities in regard to the policy of insurance.
After the parties pursued discovery, Travelers filed a motion for summary judgment. The Mundys filed a memorandum in response, accompanied by an affidavit explaining their understanding of their insurance coverage with Travelers.
The trial court granted summary judgment on behalf of Travelers, finding the policy had been canceled prior to the injuries which were the basis for the lawsuit against the Mundys. The trial court found that coverage under the policy did "not extend to bodily injuries occurring outside the policy term."
The Mundys have now pursued a direct appeal of the trial court's judgment, assigning two errors for our consideration:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE INSURANCE POLICY AT ISSUE IN THIS CASE WAS CLEAR AND CONCISE RATHER THAN UNCLEAR AND AMBIGUOUS.
 ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED IN HOLDING THAT LIABILITY COVERAGE UNDER THE INSURANCE POLICY AT ISSUE IN THIS CASE DOES NOT EXTEND TO BODILY INJURIES OCCURRING OUTSIDE THE POLICY TERM BUT ARISING FROM THE PROPERTY OWNERS' ALLEGED NEGLIGENT ACTS WHICH OCCURRED DURING THE POLICY TERM.
The Mundys owned rental property at 45-47 King Avenue in Columbus for several years. In early September of 1996, they made arrangements through a rental property manager to have the railing on a second floor balcony repaired. After the repairs were completed, the Mundys sold the property to the man who had managed it for them. Two days after they sold the property, they canceled the insurance on the property.
In early October of 1996, a young woman named Shelly Tippett fell from the balcony and was injured. Ms. Tippett filed suit against the Mundys, claiming that the balcony railing had been negligently repaired and that the negligent repair had been a proximate cause of her injuries. The Mundys then sought the benefits of their insurance policy with Travelers because the negligence alleged was alleged to have occurred during the time the policy with Travelers was in effect. Travelers responded that it had no obligation because the injuries occurred after the policy was canceled, even if the cause of the injuries occurred during the time the policy was in effect. As noted above, the trial court agreed with Travelers, based upon the trial court's interpretation of the language of the insurance policy.
The Mundys assert that the language of the insurance policy is contradictory and ambiguous. They assert that an exclusion for coverage under the heading "Policy Term" is inconsistent with the language under the heading "Coverage," or is so concealed in the policy that a person of ordinary intelligence and experience would not understand the exclusion.
The policy includes:
COVERAGE N — Premises Liability
 We will pay damages for which the insured becomes legally responsible to others because of bodily injury or property damage, arising out of the ownership, maintenance or use of the insured premises.
 We will defend any lawsuit brought against the insured for such damages. We may investigate or settle any claim or lawsuit. Our obligation to pay or defend ends when the applicable limit of liability is used up by the payment of judgments or settlements. (Emphasis sic.)
The next section of the policy lists exclusions to this coverage, none of which apply.
Five pages later in the policy, Travelers lists "General Conditions — Sections I II." The first general condition listed reads:
1. Policy Term
 This policy covers only those losses under Section I and bodily injury or property damage under Section II that occur during the policy term shown on the declarations page. That policy term, and each succeeding term, begins and ends at 12:01 a.m. standard time, at the insured premises.
 You may continue this policy, subject to our
consent, for successive policy terms by paying required premiums when due. (Emphasis sic.)
Travelers asserts that the insurance policy is anything but ambiguous.
Travelers is correct in its assertion. The policy terms set forth under Coverage N are easy to understand. The limitations set forth under the heading "Policy Term" are contained in the first paragraph of the General Conditions section and appear at the top of page. The limitations under "Policy Term" are also expressed in clear language. Neither the language used nor the placement of the conditions within the policy make the terms of coverage ambiguous or difficult to understand. The insured, however, has to take the time to read the policy in order to understand what insurance coverage has been purchased.
Travelers also directs our attention to the wording of the "Cancellation Request" signed by the Mundys when they canceled the policy. The "Cancellation Request" reads, immediately above the line for the signature of the Mundys:
POLICY RELEASE STATEMENT
The undersigned agrees that:
 The above referenced policy is lost, destroyed or being retained.
 No claims of any type will be made against the Insurance Company, its agents or its representatives under this policy for losses which occur after the date of cancellation shown above. Any premium adjustment will be made in accordance with the terms and conditions of the policy.
As noted above, the Travelers policy is written in language which is clear and unambiguous. If for some reason the Mundys were not clear on the policy terms, whether because of the placement of the exclusionary language under the general heading of "General Conditions," or for some other reason, they had to understand that they ended their rights to make a claim under the policy when they signed their names immediately under the policy release statement terms set forth above. That language is not capable of being misunderstood.
Both because of the clarity of the policy terms and because of the clarity of the policy release statement, we overrule the assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
DESHLER, J., concurs.
LAZARUS, P.J., concurs separately.